[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 12, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-17203

_____

D. C. Docket No. 00-8213-CV-PAS

STEVEN LUBETSKY,

Plaintiff-Appellant,

versus

APPLIED CARD SYSTEMS, INC.,
a corporation,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 12, 2002)**

Before EDMONDSON, Chief Judge, BLACK and COX, Circuit Judges.

BLACK, Circuit Judge:

This appeal involves a claim for religious discrimination for failure to hire in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e to 2000e-17. Appellant Steven Lubetsky alleges Appellee Applied Card Systems rescinded his conditional offer of employment because of his religion. Appellee, however, asserts the decision-maker was not aware of Appellant's religion when he decided to rescind the offer. The district court granted summary judgment in favor of Appellee because Appellant was unable to establish a *prima facie* case of disparate treatment discrimination. This appeal followed.

## I. BACKGROUND

Although licensed to practice law in three states, Appellant sought employment with Appellee as a correspondence analyst. On June 5, 1998, Appellant interviewed with Debbie Gracia, a recruiter employed by Appellee. As part of the interview, Appellant was given several competency tests. According to Appellant, Gracia stated his performance was excellent and extended him a written offer of employment conditioned upon the satisfactory results of a credit check. After Gracia extended the offer, Appellant advised her he is Jewish and inquired

2

about Appellee's leave policy for observation of religious holidays. Gracia, who also is Jewish, allegedly responded, "Of course we have to let you off on Jewish holidays, it's illegal if we don't, but just don't go to extremes like taking off on Purim." For her part, Gracia simply recalls Appellant stating the High Holidays were approaching and asking if he could have them off. She testified she did not understand he was an Orthodox Jew.

Immediately after the interview, Gracia sent an e-mail to John Bardakjy, the Manager of the Correspondence Department, notifying him that she had extended a conditional offer of employment to a person named Steven Lubetsky. Bardakjy responded to Gracia that he recognized the name as being that of an individual whom he had met at a job fair in August 1997. Bardakjy recalled the individual behaved very aggressively and rudely upon learning Appellee was only hiring people with previous experience. Based upon his recollection of the individual with this name, Bardakjy directed Gracia to rescind Appellant's conditional offer of employment. Bardakjy explained to Gracia that Appellant's personality and demeanor would not be acceptable at Appellee's workplace. Bardakjy never mentioned Appellant's religion. Additionally, Gracia testified she did not tell Bardakjy about the conversation she and Appellant had concerning his religion.

After being instructed to rescind the job offer, Gracia telephoned Appellant at his home and falsely informed him that, unbeknownst to her at the time of their interview, the position already was promised to someone else. She, therefore, rescinded the offer of employment. Two weeks later, Appellant saw an advertisement in the Sun Sentinel newspaper soliciting applications for the same position for which he had applied and had been told was filled. As a result, Appellant filed a complaint with the Equal Employment Opportunity Commission (EEOC), alleging his job offer was rescinded because of his religion.

During the EEOC investigation, Bardakjy explained he had instructed Gracia to rescind the offer of employment because he recalled Appellant to be an aggressive and rude individual whom he previously had encountered at a job fair. Bardakjy also stated he was not aware Appellant was Jewish until he learned of Appellant's EEOC complaint. In addition, Gracia admitted that although she lied to Appellant when she said the position had been filled, she did so to spare Appellant's feelings by not drawing attention to his perceived character flaws. The EEOC then issued a Dismissal and Notice of Rights letter, finding it could not conclude Appellant was discriminated against based on his religion.

Approximately one month after the conclusion of the EEOC's investigation, Appellant attended a job fair, where he advised representatives of Appellee that he

4

had not attended the job fair at which Bardakjy thought they met. Appellant told the representatives he thought the decision not to hire him, therefore, was a case of mistaken identity. Thereafter, Appellant filed a complaint in the United States District Court for the Southern District of Florida alleging Appellee engaged in intentional religious discrimination by rescinding his conditional offer of employment. Specifically, he claimed Appellee refused to hire him because of his religion.

Appellee subsequently moved for summary judgement, arguing even after the completion of discovery, Appellant could not establish a *prima facie* case of religious discrimination. The district court granted Appellee's motion, finding Appellant could not establish his *prima facie* case because there was no evidence Bardakjy knew Appellant was Jewish when he ordered Gracia to withdraw the conditional offer of employment. In response, Appellant filed a motion for reconsideration, which was denied. Appellant then filed a notice of appeal.[1]

## II. STANDARD OF REVIEW

---

[1]In addition to appealing the district court's grant of summary judgment to Appellee, Appellant appeals the district court's denial of Appellant's motion for reconsideration of the order granting Appellee's motion for summary judgment. We affirm without discussion the district court's denial of Appellant's motion for reconsideration. *See* 11th Cir. R. 36-1.

5

We review the district court's grant of summary judgment *de novo*, using the same legal standard employed by the district court. *Royal Ins. Co. of Am. v. Whitaker Contracting Corp.*, 242 F.3d 1035, 1040 (11th Cir. 2001). Under this standard, we view all facts and inferences reasonably drawn from the facts in the light most favorable to the nonmoving party. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## III. DISCUSSION

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (1994). Appellant alleges Appellee violated Title VII by failing to hire him on the basis of his religion. As a result, Appellant contends the district court erred in granting summary judgment in favor of Appellee.

A plaintiff alleging disparate treatment discrimination must first establish a *prima facie* case of intentional discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973); *see also Bass v. Bd. of County Comm'rs, Orange County, FL*, 256 F.3d 1095, 1103-04 (11th Cir. 2001); *Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995). Where the plaintiff proves his *prima facie* case by circumstantial evidence, the burden of proof shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. at 1824; *see also Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253, 101 S. Ct. 1089, 1093 (1981). Then, if the defendant carries his burden, the plaintiff must be given "a full and fair opportunity to demonstrate by competent evidence" that the presumptively valid reasons offered by the defendant were a pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 805, 93 S. Ct. at 1826; *see also Burdine*, 450 U.S. at 253, 101 S. Ct. at 1093.

As a general matter, under the four-pronged *McDonnell Douglas* framework, a *prima facie* case of intentional discrimination using circumstantial evidence is established if the plaintiff shows: (1) he is a member of a protected class; (2) he applied for and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications, he was rejected for employment; and (4)

after the rejection, the employer continued to seek applicants with the plaintiff's qualifications outside of plaintiff's particular protected class. 411 U.S. at 802, 93 S. Ct. at 1824.

More specifically, where intentional religious discrimination under Title VII is alleged, a *prima facie* case is established if the plaintiff demonstrates the challenged employment decision was made by someone who was aware of the plaintiff's religion. *See generally Beasley v. Health Care Serv. Corp.*, 940 F.2d 1085, 1088 (7th Cir. 1991) (noting the *prima facie* case for discriminatory discharge based on a plaintiff's religious practices is established by showing: (1) the practices are religious in nature; (2) the plaintiff called the religious practices to the employer's attention; and (3) the religious practices were the basis of the plaintiff's discharge); *cf. Clay v. Holy Cross Hosp.*, 253 F.3d 1000, 1005-07 (7th Cir. 2001) (holding plaintiff failed to establish a *prima facie* case of pregnancy discrimination even though she was visibly pregnant where she could not prove the person who decided to terminate her employment knew she was pregnant)*; Geraci*, 82 F.3d at 580-82 (holding plaintiff failed to establish a *prima facie* case of pregnancy discrimination even though she told six co-workers she was pregnant where she could not provide any evidence the person who decided to terminate her employment knew she was pregnant)*; Robinson v. Adams*, 847 F.2d 1315, 1316

(9th Cir. 1987) (concluding the *McDonnell Douglas* elements did not rationally create an inference of intentional discrimination even though plaintiff filled out an application for employment and checked a box indicating his race, where plaintiff offered no evidence the decision-makers knew or saw the information concerning his race).  Accordingly, an employer cannot intentionally discriminate against an individual based on his religion unless the employer knows the individual's religion.[2]  *See Robinson*, 847 F.2d at 1316 (indicating plaintiff could not establish a *prima facie* case where there was no evidence the decision-maker knew plaintiff belonged to a protected class).  Therefore, when we evaluate a charge of disparate treatment employment discrimination, we must focus on the actual knowledge and actions of the decision-maker.  *Walker v. Prudential Prop. & Cas. Ins. Co.*, 286

---

[2]For example, in discrimination cases under Title VII for an employer's failure to provide a religious accommodation, several circuit courts have held the plaintiff must establish a *prima facie* case by showing: (1) he or she has a bona fide religious belief that conflicts with an employment requirement; (2) he or she has informed the employer about this belief; (3) he or she was disciplined for failure to comply with the conflicting employment requirement. *See Virts v. Consol. Freightways Corp. of Del.*, 285 F.3d 508, 516 (6th Cir. 2002); *Chalmers v. Tulon Co.*, 101 F.3d 1012, 1019 (4th Cir. 1996); *Protos v. Volkswagen of Am., Inc.*, 797 F.2d 129, 133-34 (3d Cir. 1986); *Philbrook v. Ansonia Bd. of Educ.*, 757 F.2d 476, 481 (2d Cir. 1985), *aff'd*, 479 U.S. 60, 107 S. Ct. 367 (1986); *Turpen v. Mo.-Kan.-Tex. R.R.*, 736 F.2d 1022, 1026 (5th Cir. 1984); *Anderson v. Gen. Dynamics Convair Aerospace Div.*, 589 F.2d 397, 401 (9th Cir. 1978).

F.3d 1270, 1274 (11th Cir. 2002), *citing Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1105 (11th Cir. 2001).

In this case, Appellant failed to establish a *prima facie* case of intentional religious discrimination by Appellee because he did not present any evidence that the decision-maker knew of his religion. Instead, all of the evidence indicated Bardakjy, the individual who made the decision to rescind Appellant's conditional job offer, was unaware of Appellant's religion. First, Gracia testified she never told Bardakjy about Appellant's religion. Additionally, Bardakjy testified he did not know Appellant was an Orthodox Jew at the time he instructed Gracia to rescind the conditional offer of employment. Rather, Bardakjy directed Gracia to rescind the offer based on his recollection of Appellant's personality and demeanor during a previous encounter.[3] Moreover, Bardakjy testified he had no knowledge of Appellant's religion until he received notice Appellant had filed a complaint with the EEOC alleging religious discrimination. Therefore, viewing the facts in the light most favorable to Appellant, no reasonable fact-finder could conclude that Bardakjy knew of Appellant's religion, much less that Bardakjy's decision to direct

---

[3]Appellant argues Bardakjy's recollection of the previous encounter is mistaken because Appellant was out of town during that time, making this a case of mistaken identity. Even if the job offer was rescinded due to a case of mistaken identity, drawing all reasonable inferences in Appellant's favor, such a fact does not establish Bardakjy knew about Appellant's religion.

10

Gracia to rescind Appellant's job offer was motivated by his knowledge of Appellant's religion. The district court, consequently, did not err in granting Appellee's motion for summary judgment.

## IV. CONCLUSION

It is necessary for a plaintiff attempting to establish a *prima facie* case of intentional religious discrimination under Title VII to demonstrate the challenged employment decision was made by someone who had knowledge of the plaintiff's religion. Appellant failed to establish that the person responsible for deciding to rescind his job offer knew about his religion. As a result, Appellant did not establish a *prima facie* case. Accordingly, the district court did not err in granting summary judgment in favor of Appellee.

AFFIRMED.