[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15023
Non-Argument Calendar

_____

D. C. Docket No. 06-00397-CV-CG

RAYFIELD SNOWDEN,

Plaintiff-Appellant,

versus

CITY OF DAPHNE, AL,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(May 12, 2008)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant, Rayfield Snowden, appeals from the district court's grant of

summary judgment in favor of his employer, the City of Daphne ("the City"), as to

his complaint alleging retaliation, raised pursuant to Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. §§ 1981, 1983.  Snowden

filed a complaint alleging that he was demoted after he complained to his

supervisor and the City Council that an employee had used a racial slur at work.

Snowden argues that the district court erred in granting the City's motion for

summary judgment on his retaliation claim[1] because the City's articulated reasons

for demoting him, that he failed to improve communication with his staff and that

the City's right-of-ways deteriorated under his management, are a pretext for

discrimination.

We review a district court's grant of summary judgment de novo, applying

the same standards utilized by the district court.  *S.E.C. v. Adler*, 137 F.3d 1325,

1332 (11th Cir. 1998).  Summary judgment is only proper if there are no genuine

issues of material fact and the non-moving party is entitled to judgment as a matter

of law.  *Id.*; Fed. R. Civ. P. 56(c).

Title VII prohibits an employer from discriminating "against any of his

---

[1]The district court also granted summary judgment to the City on Snowden's claims of race discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 622.  Snowden conceded below that he could not make out a *prima facie* case in either instance and does not challenge the entry of summary judgment as to these claims on appeal.  Accordingly, any issue in this respect is abandoned. *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (holding that arguments not raised on appeal are deemed abandoned).

employees . . . because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a); *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, __, 126 S. Ct. 2405, 2410, 2412, 165 L. Ed. 2d 345 (2006) (noting that the anti-retaliation provision seeks to prevent harm to individuals based on their conduct).

Under the *McDonnell Douglas* burden-shifting framework, a plaintiff relying on circumstantial evidence to support a claim first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a *prima facie* case. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973); *see Wright v. Southland Corp.*, 187 F.3d 1287, 1305 (11th Cir. 1999) (holding the *McDonnell Douglas* analytic framework applies to retaliation claims) .

Once a plaintiff has established a *prima facie* case, the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).  If the employer proffers such an explanation, the burden shifts back to the plaintiff to prove that the defendant's explanation is merely a pretext.  *Lubetsky v. Applied Card Sys., Inc.*, 296 F.3d 1301, 1305 (11th Cir. 2002) (citations

3

omitted).

To show that the employer's reasons were pretextual, the plaintiff must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Jackson v. State of Alabama State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005) (quotations and citations omitted). If "the proffered reason is one that might motivate a reasonable employer, an employee must meet that reason head on and rebut it, and the employee cannot succeed by simply quarreling with the wisdom of that reason," or showing that the decision was based on erroneous facts. *Chapman v. AI Transport*, 229 F.3d 1012, 1030 (11th Cir. 2000) (quotations and citations omitted). A claimant cannot establish pretext by simply demonstrating facts that suggest retaliatory animus but must specifically respond to the explanation of the defendant. *Crawford v. City of Fairburn, Ga.*, 482 F.3d 1305, 1309 (11th Cir.), *cert. denied* 128 S. Ct. 495 (2007). Importantly, the pretext inquiry is concerned with the employer's perception of the employee's performance, not the employee's own beliefs. *Holifield v. Reno*, 115 F.3d 1555, 1565 (11th Cir. 1997) (holding that when an employer produces negative performance reviews, an employee's assertion of his own good performance is insufficient to defeat summary

judgment).  To show pretext, the plaintiff must show that the movant's explanation is both false "*and* that discrimination was the real reason" for the decision.  *Brooks v. County Comm'n of Jeffereson County, Ala.*; *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752, 125 L. Ed. 2d 407 (1993).

After concluding that Snowden had established a *prima facie* case, the district court properly concluded that Snowden failed to show that the City's articulated reasons for demoting him were false.  Specifically, evidence showed that Snowden's supervisors had consistently and repeatedly expressed concerns regarding Snowden's communication skills and his supervisors were dissatisfied with the maintenance of the City's right-of-ways.  Moreover, although Snowden presented evidence that the City's mayor and his supervisors wanted him removed from his position and, indeed, made and instituted plans to that effect, he did not present evidence which rebutted their stated, legitimate, non-discriminatory reasons for his demotion.  Because Snowden did not demonstrate that the City's articulated, legitimate, non-discriminatory reasons for demoting him were a pretext for retaliation, we affirm the district court's grant of summary judgment in favor of the City.

**AFFIRMED.**