[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13386
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 29, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 06-02485-CV-CAP-1

ANNA REVERE,

Plaintiff-Appellant,

versus

JOHN M. MCHUGH,
Secretary Department of the Army,
BRIGADIER GENERAL PETER T. MADSEN,
Retired,
MAJOR GENERAL RANDALL CASTRO,
MICHAEL J. WALSH,
Colonel,
MARK E. HELD,
Colonel, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 29, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Anna Revere, an African American woman proceeding *pro se*, appeals (1) the grant of summary judgment to the government as to her counseled complaint alleging violations of Title VII, 42 U.S.C. § 2000e, et seq., and the Equal Pay Act, 29 U.S.C. § 206(d), and (2) the denial of her *pro se* motion for reconsideration  She raises several issues, which are discussed in turn.

## I. Standard of Review

Federal Rule of Civil Procedure 56(c) provides that a court shall render summary judgment if "there is no genuine issue as to any material fact" and "the movant is entitled to a judgment as a matter of law."  Fed.R.Civ.P. 56(c).  We review the grant of summary judgment *de novo*, reviewing the record in the light most favorable to the non-moving party.  *See Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000).

However, when a magistrate notifies a party of her right to object to the magistrate's factual findings "and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice." *Resolution Trust Corp. v. Hallmark Builders*, 996 F.2d 1144, 1149 (11th Cir. 1993).  For us to

2

correct an error under plain error review, there "must (1) be error, (2) that is plain, (3) that affects the substantial rights of the party, and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1179 (11th Cir. 2002).

We generally do not consider an argument raised for the first time on appeal. *Narey v. Dean*, 32 F.3d 1521, 1526 (11th Cir. 1994). This rule is subject to five exceptions: (1) the issue involves a pure question of law and refusing to address it would result in a miscarriage of justice, (2) the appellant had no opportunity to raise the argument at the district court level, (3) the interest of substantial justice is at stake, (4) the proper resolution of the issue is beyond any doubt, and (5) the issue presents a significant question of general impact or great public concern. *Id.* at 1526-27. We also do not consider issues raised for the first time in an appellant's reply brief. *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003).

Because Revere did not file objections to the magistrate's Report and Recommendation, we review Revere's objections to the factual findings of the district court only for plain error or manifest injustice. *See Resolution Trust Corp.*, 996 F.2d at 1149. We also will not consider Revere's arguments raised for the first time on appeal, namely the following: (1) she was qualified for a promotion to a GS-13 position, because she had been doing work at a GS-12 level for at least a

3

year before she sought the promotion; and (2) Revere's commander promoted his white secretary to a GS-12 position only six months after the secretary's arrival and without the approval of the board. *See Narey*, 32 F.3d at 1526-27. We also will not consider Revere's arguments raised for the first time in her reply brief, namely the following: (1) the government retaliated against her by refusing to allow her to enter into a new contract; (2) the government failed to show a legitimate reason for reassigning her to the Jacksonville District; and (3) the government deprived her of a property interest without due process of law when it refused to promote her to a GS-12 position. *See Lovett*, 327 F.3d at 1183.

## II. Government's Filing of Criminal Charges

On appeal, Revere argues that the government was not entitled to summary judgment because the government misrepresented to the court in its motion for summary judgment that it had not filed criminal charges against her, when, in fact, it had filed charges. She contends that the government's correction in a footnote of its reply brief to the district court was insufficient, and the government should have filed an amended statement of material facts.

As noted, above, appellate review of the magistrate's factual findings is limited to plain error, because Revere failed to object. *See Resolution Trust Corp.*, 996 F.2d at 1149. Federal Rule of Civil Procedure 56(e)(2) states:

4

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed.R.Civ.P. 56(e)(2).

Because the government's misrepresentation to the court, later corrected, that it had not filed criminal charges against Revere had no effect on the court's decision, the district court did not err in granting summary judgment to the government, despite this misrepresentation. Furthermore, because Revere did not properly respond to the government's statement of material facts, the court did not plainly err in adopting the government's statement. Consequently, Revere's argument that the government's statement omitted material facts and should have been amended are without merit.

### III. Failure to Promote, Disparate Treatment, and Retaliation Claims

On appeal, Revere asserts the government discriminated and retaliated against her for filing an EEOC complaint, by taking several adverse employment actions. First, she asserts she was referred to the Criminal Investigation Division due to her travel voucher irregularities, even though a white employee with similar irregularities was not investigated. Second, an adverse action occurred when she

5

was not promoted from a GS-11 position to a GS-12 position, because she lost pay and benefits. Third, the government's reasons for her non-selection to the GS-13 EEO Manager Position, that she did not have one-year of experience at the GS-12 level, was pretext.

Failure to promote, disparate treatment

In a failure-to-promote case, the plaintiff may satisfy her burden of establishing a *prima facie* case of discrimination by showing that (1) she belongs to a protected class, (2) she applied for and was qualified for a promotion, (3) she was rejected despite her qualifications, and (4) other equally or less-qualified employees outside her class were promoted. *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1089 (11th Cir. 2004). The comparators for the fourth prong must be "similarly situated in all relevant respects." *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). The comparator must have been accused of the same or similar conduct but disciplined differently. *Id.*

Once a *prima facie* case of discrimination has been established, the burden then shifts to the defendant, who must "articulate some legitimate, nondiscriminatory reason" for the allegedly discriminatory actions. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). The plaintiff may then attack the defendant's legitimate,

6

nondiscriminatory reason "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Brooks v. County Com'n of Jefferson County, Ala.*, 446 F.3d 1160, 1163 (11th Cir. 2006) (citations omitted). The plaintiff must show that the defendant's explanation is both false "and that discrimination was the real reason." *Id.*

Revere has failed to establish a *prima facie* case of discrimination based upon the government's failure to promote her to the GS-13 position. Another African-American woman was promoted to the GS-13 position that Revere sought. Furthermore, she had not been in a GS-12 position for at least one year, as required for the promotion. Thus, she has failed to demonstrate that (1) someone outside her protected class was promoted to the position she sought; or (2) she was qualified for the promotion that she sought. Revere has also failed to rebut the government's legitimate, non-discriminatory reason for failing to promote her to the GS-12 position, and for investigating her travel reimbursement irregularities. Revere admits that the investigation showed a variety of travel irregularities. Moreover, the nature and number of her irregularities were different from the white male comparator she presented.

Retaliation

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that (1) she engaged in statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was some causal connection between the two events. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). A plaintiff satisfies the causal-relationship prong if she provides sufficient evidence that her employer had knowledge of the protected expression and "that there was a close temporal proximity between this awareness and the adverse . . . action." *Higdon v. Jackson*, 393 F.3d 1211, 1220 (11th Cir. 2004) (noting that the Supreme Court cited with approval decisions holding that a three to four month disparity is insufficient to establish a causal connection).

Once a plaintiff has established a *prima facie* case, the employer then has an opportunity to articulate a legitimate, non-retaliatory reason for the challenged employment action. *Pennington*, 261 F.3d at 1266. If the employer proffers such an explanation, the burden shifts back to the plaintiff to prove that the defendant's explanation is merely a pretext. *Lubetsky v. Applied Card Sys., Inc.*, 296 F.3d 1301, 1305 (11th Cir. 2002).

Because Revere did not establish a causal connection between her EEO activities and the adverse employment actions taken against her, the district court

did not err in finding that Revere had failed to establish a *prima facie* case of retaliation. The district also did not err in finding that, even if Revere had established a *prima facie* case of retaliation, Revere had failed to prove that the government's legitimate, non-retaliatory reasons for investigating her travel reimbursement irregularities and not promoting her to the GS-12 position, were pretextual.

## IV. Equal Pay Claim

On appeal, Revere argues that the government was not entitled to summary judgment where it refused to promote her and "paid her less money for the higher graded work that she performed." She asserts that, even though she performed the same work, she was paid less than Pine McCollough, a male in a GS-12 position. She asserts that General Peter Madsen refused to promote her to the GS-12 level because of the investigations and assumed she was guilty.

The EPA provides as follows:

> [n]o employer . . . shall discriminate . . . between employees on the basis of sex by paying wages to employees . . . at a rate less than the rate at which he pays wages to employees of the opposite sex . . . for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions, except where such payment is made pursuant to (I) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

9

29 U.S.C. 206(d)(1). An employee demonstrates a *prima facie* case of an EPA violation by showing that the employer paid employees of opposite genders different wages for equal work for jobs which require equal skill, effort, and responsibility, and which are performed under similar working conditions. *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1077-78 (11th Cir. 2003). "Moreover, '[t]he *prima facie* case . . . focuses solely on the primary duties of each job, not duties that are incidental or insubstantial,' and, although formal job titles or descriptions may be considered, the controlling factor in the court's assessment of whether two jobs are substantially equal must be actual job content." *Arrington v. Cobb County*, 139 F.3d 865, 876 (11th Cir. 1998) (citation omitted). Similarly, a plaintiff may establish a *prima facie* equal-pay violation of Title VII by showing that she is female and her job was substantially similar to higher paying jobs occupied by males. *Mulhall v. Advance Security, Inc.*, 19 F.3d 586, 598 (11th Cir. 1994).

Because Revere did not establish that a similarly situated male comparator had received higher pay, the district court did not err in finding that Revere had failed to establish a *prima facie* case of discrimination under the Equal Pay Act. Additionally, even if Revere had established a *prima facie* case, the difference

between Revere's pay and a potential male comparator was based on a "factor other than sex," and so did not violate the Equal Pay Act.

## V. Motion for Reconsideration

On appeal, Revere argues that the court should have granted her motion for reconsideration because the documents that she and the government submitted showed genuine issues of material fact and the government admitted that she had suffered an adverse personnel action. She also asserts that she has a meritorious claim and granting her motion would not prejudice the government.

We review a district court's denial of a Rule 60(b) motion for abuse of discretion. *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1019 (11th Cir. 2001). A district court abuses its discretion when it makes an error of law. *Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005). Federal Rule of Civil Procedure 60(b) allows a party to move a court for relief from a final judgment due to mistake or excusable neglect. Fed.R.Civ.P. 60(b)(1).

A party seeking relief on the basis of excusable neglect must show that (1) "it had a meritorious defense that might have affected the outcome," (2) "granting the motion would not result in prejudice to the opposing party," and (3) "good reason" existed for the party's omission. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (denying the appellant's

11

request to set aside an entry of default on the basis of excusable neglect). We are wary of granting Rule 60(b) relief for excusable neglect based on claims of attorney error. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). In *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1132 (11th Cir.1986), we rejected the appellant's argument that the "oversight" of counsel in failing to respond to a motion was excusable neglect under Rule 60(b), even though such a result "appear[ed] to penalize innocent clients for the forgetfulness of their attorneys." *Id.*

Because Revere has failed to present a "good reason" for her attorney's failure to file exhibits electronically or a "meritorious defense that might have effected the outcome," the negligence of Revere's attorney did not constitute excusable neglect. Consequently, the district court did not abuse its discretion in denying Revere's motion for reconsideration.

Upon careful consideration of the briefs of the parties and thorough review of the record, we affirm the district court's grant of the government's motion for summary judgment.

**AFFIRMED.**